ELSIE HANSEN, BY HER NEXT FRIEND, MARCUS HANSEN, PLAINTIFF IN ERROR, v. JOSEPH DE VITA, DEFENDANT IN ERROR.

Argued November 11, 1907—Decided February 24, 1908.

1. After an allowance by a Circuit Court of a rule to show cause why there should not be a new trial, with no reservation of exceptions, only common error, such as appear upon the record are assignable, and all assignments based upon exceptions sealed will be struck out.
2. In such case, where the declaration exhibited three counts, one of which will support the verdict, a judgment entered thereon is good.

On error to the Middlesex Circuit Court.

Before Justices GARRISON and REED.

For the plaintiff in error, *Alfred S. March* and *Robert Adrain.*

For the defendant in error, *Joseph E. Stricker* and *Adrian Lyon.*

The opinion of the court was delivered by

REED, J. This writ of error brings up a judgment entered in the Middlesex Circuit Court against the defendant below, Joseph De Vita.

The Circuit judge granted to the defendant a rule upon the plaintiff to show cause why a new trial should not be granted, the said rule being special and confined to the question of excessive damages.

No exceptions having been reserved by the judge in allowing the rule to show cause, all assignments of error upon exceptions were waived, and only assignments of error appearing in the record are therefore available to the plaintiff in error. *Finley* v. *Handley,* 21 *Vroom* 503; *Consolidated Traction Co.* v. *Whelan,* 31 *Id.* 154.

The motion now made to strike out all the assignments, save such as are directed to errors appearing upon the record, is granted.

The only assignments of this class is the first and, possibly, the second, which state the errors to be that the declaration is not sufficient for the plaintiff to have an action against the defendant in an action of contract, and that the court proceeded to try an action in contract while the *narr* was in tort.

The declaration contained three counts. The first count set out that the defendant debauched and carnally knew the plaintiff, and, as a means of inducing the plaintiff to submit to sexual intercourse with him, also promised to marry her; that the plaintiff became pregnant from such intercourse, and that the defendant, not regarding his promise to marry her, married a certain other woman contrary to his promise, by

means of which promise she suffered great suffering, to her damage, &c.

The second count charged that the defendant debauched and carnally knew the plaintiff, a woman under the age of sixteen years, whereby she became pregnant and sick.

The third count charged the defendant with assaulting, beating and bruising the plaintiff.

If the first count be regarded as one of seduction, and not of breach of promise, and if it be assumed that a woman cannot bring an action where she is the party seduced, yet the third count for assault and battery is admittedly good.

As the record stands, there is a general verdict and one admittedly good count. Section 161 of the Practice act (*Pamph. L.* 1903, *p.* 581) provides that if there are in the declaration several counts, some of which are faulty or bad and others not, and general damages are given, the verdict shall be good.

Aside from this view, however, the assignments only charge that the court proceeded to try an action of contract under these counts. There is nothing in the record to show what was tried, save what appears in the pleadings and the judgment. Eliminating all the assignments based upon bills of exceptions, the evidence ceases to be a part of the record, as also do the remarks of the trial court during the proceedings of the trial cease to be a part of the examinable record.

It may be further remarked, however, that if an inspection of the course of the trial were permitted it would reveal the fact that the court gave permission to the plaintiff to amend the first count so as to make it clearly an action of contract for breach of promise, and that the court struck out the other two counts.

No order, however, appears upon the record respecting the amendment of the first and the striking out of the other two counts. If the counts still remain, as already remarked, they support the verdict. If the amendments were made, then the first and second assignments of error fall to the ground. In either view there is no substance in these assignments.

The third assignment, respecting the striking out of the two counts; the fourth assignment, respecting the permission

to amend the first count from tort to contract; the fifth assignment, charging that no amendment was made and the action proceeded as one of contract, are all based upon matters not apparent in the record, and which, if apparent, were matters of judicial discretion.

The remaining assignments are all directed to alleged trial errors, based upon sealed exceptions. This class of assignments have already been struck out.

We see no error in the record, and the judgment should be affirmed.